23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Orlando NEALE, Defendant-Appellant.
 No. 93-5137.
 United States Court of Appeals, Fourth Circuit.
 March 8, 1994.
May 23, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-92-176).
 Anne Rebecca Littlejohn, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Lisa B. Boggs, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Walter Orlando Neale entered a guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C.Sec. 922(g) (1988). Neale has noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which she represents that there are no arguable issues of merit in this appeal. Neale has not filed a supplemental brief, although he was informed of his right to do so.
 
 
 2
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. We affirm Neale's conviction and sentence.
 
 
 3
 Neale's counsel addresses in her brief Neale's plea hearing and the district court's denial of his request for a downward departure based on acceptance of responsibility. However, the district court followed the requirements of Fed.R.Crim.P. 11 governing guilty plea hearings, and no violation of Neale's rights occurred. As for the sentencing issue, under United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992), a defendant can receive a two level downward departure from his base offense level for acceptance of responsibility. The issue of whether a reduction is warranted is a factual question and is reviewed under the clearly erroneous standard. United States v. Cusack, 901 F.2d 29, 31 (4th Cir.1990). To earn a reduction, the defendant must show acceptance of responsibility for all his criminal conduct, not just the count of conviction. United States v. Gordon, 895 F.2d 932, 936 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 4
 Neale, a convicted felon, purchased firearms using a name different than the name under which he had a felony conviction. At the sentencing hearing and in his pre-sentence report, Neale stated that he had legally changed his name to the one under which he bought the guns and that he believed he could legally purchase firearms under his new name. Additionally, Neale stated that he did not think he had broken the law because he did not have a felony conviction in Virginia where he bought the guns, nor did he have a felony conviction under his new name. He did not deny purchasing the guns, nor did he deny that he had a felony conviction. Based on this evidence, the district court's decision to deny Neale a downward departure for acceptance of responsibility was not clearly erroneous.
 
 
 5
 In the case of an unsuccessful appellant represented by appointed counsel, we require that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C.Sec. 3006A (West 1985 & Supp.1993). If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of her client.
 
 
 6
 Because the record discloses no reversible error, we affirm Neale's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.